STATE OF MAINE *vs.* GRAND TRUNK RAILWAY OF CANADA.

*Way — for unreasonably obstructing by engines, indictment will lie.*

By virtue of R. S. c. 131, § 13, an indictment will lie to recover the forfeiture provided for in R. S. c. 51, § 40, for " unreasonably and negligently obstructing by engines, tenders, and cars," " any way."

ON EXCEPTIONS to the rulings of *Goddard*, J., of the superior court for this county.

On an indictment alleging: " That the Grand Trunk Railway Company of Canada, a corporation established by law, and whose office and place of business is in Portland, in the county of Cumberland, on the first day of September, in the year of our Lord one thousand eight hundred and sixty-nine, at Falmouth, in said county of Cumberland, and on divers other days and times between that day and the day of finding this indictment, at said Falmouth, in a certain common highway leading from Falmouth post-office to the foreside road, so called, then and there used by all the good people of the said State, with their horses, teams, and carriages, to go and return, pass and repass at their free will and pleasure freely, without obstruction or hindrance, unlawfully did put and place locomotive engines and a great number of empty cars, to wit, five empty cars and railroad trains, and did then and there, and on said divers other days and times there, unlawfully and injuriously permit and suffer the said locomotive engines, empty cars, and railroad trains, respectively to be and remain in, upon, and across the common highway aforesaid, for a long space of time, to wit, for the space of one hour on each of said days and times, whereby the common highway, aforesaid, then and on said divers other days and times there, for and during all the times aforesaid on each of the said days, respectively, was unreasonably and negligently obstructed, straitened, and closed, so that the good people of the said State could not then, and on said divers

other days and times there, go and return, pass and repass, drive with their horses, teams, and carriages in, through, and along said highway, as they ought and were accustomed so to do, to the great damage and common nuisance of all the citizens of said State, going, returning, passing, and repassing, in, through, along, and upon said highway, against the peace of said State, and contrary to the form of the statute in such case made and provided," the jury returned a verdict of guilty.

Thereupon the defendants moved in arrest of judgment, because

1. There is no offense alleged in the indictment.

2. The indictment is bad in law, and no valid judgment or sentence can be rendered thereon.

3. An indictment will not lie for the acts and doings therein set forth.

4. The remedy, if any, is by an action of debt to recover the penalty prescribed by R. S. c. 51, § 40.

The presiding judge overruled the motion, and the defendants alleged exceptions.

*T. B. Reed*, attorney-general for the State.

*Bradbury & Bradbury*, for the defendants.

APPLETON, C. J.  By R. S. 1857, c. 51, § 46, "no engine or train is to be run across a highway near the compact part of a town, at a greater speed than six miles an hour.  Nor is any way to be unreasonably and negligently obstructed by engines, tenders, or cars.  The corporation forfeits not exceeding one hundred dollars for every offense."

The defendant corporation has been indicted for and found guilty of unreasonably and negligently obstructing a certain highway in the town of Falmouth.

The main objection taken in arrest of judgment is that an indictment does not lie, and that the only mode of redress or punishment is by an action of debt for the penalty given by the statute.

The unreasonably and negligently obstructing a highway by

engines, tender, or cars is created an offense, and a forfeiture is prescribed for its commission. By R. S. 1857, c. 131, § 13, " All fines and forfeitures, imposed as a punishment for any offense, or for a violation or neglect of any statute duty, when no other mode is expressly provided, may be recovered by indictment; and when no other appropriation is expressly made by law, shall enure to the State." The defendant corporation is, therefore, by the terms of the statute liable to indictment as " no other mode is expressly provided." It is unnecessary to consider whether debt could or could not be maintained to recover the prescribed penalty.

*Exceptions overruled.*

KENT, WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.