CUMMINGS (GILLESPIE v.). See Case No. 5,434.

## Case No. 3,475.

CUMMINGS v. GRAND TRUNK RY. CO.

[2 Hask. 101.] [1]

Circuit Court, D. Maine. Sept. Term, 1876.

### JURISDICTION—ALIEN CORPORATION.

1. The presence of an alien corporation in a state other than that of its creation may be established by acts and conduct in business transactions.

2. The defendant corporation is proved to be present in the district of Maine from operating a railroad therein under a lease ratified by the legislature of the state.

3. Jurisdiction of an alien corporation by the federal courts, at the suit of an inhabitant in the district where the suit is brought, may be gained by proof that the corporation is present by its officers or agents, transacting its business within such district.

Case to recover damages for personal injuries sustained by the plaintiff [Oliver P. Cummings] from the defendant's negligence, while acting as its servant in driving an engine upon its railway.

At the return of the writ, defendant moved that it abate for want of jurisdiction by the court over the defendant, an alien corporation created by the laws of Canada.

The plaintiff insisted that it appeared from the writ and officer's return thereon that the defendant corporation was found within the district and duly served with process as required by the act of March, 1875 [18 Stat. 470].

By consent of parties, proofs were taken and the question raised was considered stripped of technicalities.

George F. Holmes and Almon A. Strout, for plaintiff.

John Rand, for defendant.

Before CLIFFORD, Circuit Justice, and FOX, District Judge.

FOX, District Judge. The plaintiff, a citizen of Maine, has brought this action of the case for the recovery of damages for personal injuries sustained by him in March, 1875, on the defendant's train, between Danville and Portland.

The writ was returnable at the last term of

---

[1] [Reported by Thomas Hawes Haskell, Esq.]

this court, and the defendant is described therein "as the Grand Trunk Railway of Canada, an alien corporation duly existing under the laws of the dominion of Canada, and having a place of business at Portland." Service was made by the marshal, by delivering in hand to John Porteous, agent of the company, a true and attested copy of the writ. Mr. Porteous is understood to be the general agent of the defendant.

At the return term, the defendant appeared to object to the jurisdiction of the court, and filed its motion that the suit might be dismissed for the want of jurisdiction, to which the plaintiffs have replied that at the commencement of the suit, the defendant was found in this district, and that service of the writ was made upon it within the district.

By the act of congress of March 3, 1875, it was enacted, "that no civil suit shall be brought before either the district or circuit court, against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceedings, except as hereinafter provided."

It is not claimed that the present case falls within such exception, and to sustain the jurisdiction, it must appear that the defendant is an inhabitant, or was found in the district at the time of serving the process or commencing the suit.

It is admitted or established to the satisfaction of the court for this hearing, that the Atlantic & St. Lawrence Railroad Co. constructed its road from Portland to the line of the state and thence to Island Pond, a distance of about 150 miles, there connecting with the St. Lawrence & Atlantic Railroad constructed to Montreal; that the defendant, a corporation existing by the authority of Canada in 1855, leased this road with all its chartered rights, fixtures and property, for 999 years, and entered into possession of said road and all its estates, and has ever since been in the entire and sole use and improvement thereof, constantly operating the same and receiving the profits and earnings therefrom; that its principal place of business in the United States is at Portland, in this district, where it has its general agent and manager and other officers for the carrying on its extensive business as a railroad corporation, Portland being the ocean terminus of this road, which extends for hundreds of miles into Canada.

It is also shown that this lease was sanctioned by the legislature of Maine, by an act approved March 29, 1853, and that the defendant has ever since its acceptance of the lease enjoyed the benefit of this act; that the corporation has in very many instances when suits have been commenced against it in courts of this state appeared in the action, in the state courts, sometimes submitting to the jurisdiction of the state tribunal.

and in other instances transferring the cause to the federal courts under the provisions of the acts of congress; that in State v. Grand Trunk Ry. Co., 58 Me. 176, and 59 Me. 189, this corporation was indicted for having by its negligence and carelessness, caused the death of a party; that it appeared, answered to the indictment and submitted in all respects to the jurisdiction of the courts of this state in that prosecution. The writ in the present case also charges that the plaintiff was injured within this district by reason of the negligence of the defendant corporation.

We are of opinion, that for the purposes of this cause, this corporation must be considered as being within this state and subject to the process of this court. The fact that it is an alien corporation, created by the authority of Canada, conferred on this court jurisdiction over it when it came within this district, and for more than twenty years has assumed the entire management and control of this railroad, and more especially, when it has invoked the authority of the state of Maine in support of its proceedings, and has obtained the sanction of the state to its acquiring and enjoying all the benefits and privileges which the state had bestowed upon a domestic corporation. By its subsequent conduct in submitting to the state and federal tribunals in this district so frequently without question, it has for this long space of time acknowledged itself as being present within the state and subject to its control and jurisdiction.

It is only the alien corporation which is subject, under the provisions of the act, to the suit of one of our citizens; and if the presence of such corporation could only be established by its being incorporated under the laws of this state, such incorporation would entirely remove the alienage, and thereby defeat the rights of our citizens to redress in this court, against a corporation carrying on such extensive and diversified business relations with so many citizens of this state. We hold, as a corporation must act by and through its general officers and managers, that the presence of a foreign corporation in this state may be established by proof that, with the consent of the state, through the presence of such officers and agents, it has been for a long term of years here constantly engaged in the transaction of its legitimate, ordinary and regular business; and more especially, in the present instance, by assuming the duties in such place of so important a character as the entire control and operation of a railway for one hundred and fifty miles, and for so doing having obtained the authority by an act of the state legislature.

If the presence of a corporation within a state other than that of its creation can be established by its acts and conduct and its business transactions, we hold that the facts here shown are certainly sufficient for that purpose; and in our opinion this corporation was, at the time of the service of this writ, found within this state for the purposes of this suit.

None of the authorities cited in behalf of this motion afford us much aid upon the precise question when a corporation is found within a state other than that by which it was incorporated.

In Day v. Newark India Rubber Manuf'g Co. [Case No. 3,685], the defendant was a corporation established under the authority of the state of New Jersey; there were its manufactories, and it there carried on its principal business, having a store in New York under the charge of an agent for the sale of its goods; and it was held by Nelson, J., that the circuit court of the United States in the New York district had no jurisdiction of a suit against this company, as it could not be said to have been found within that district. All that appeared in that case to sustain the jurisdiction was simply that this New Jersey corporation had a store in the city of New York for the sale of its productions.

If jurisdiction was taken under such circumstances, it might be claimed in every state where a corporation had an agent for the transaction of any branch of its business, however slight and unimportant, a condition of things very different from the present case, where the entire business of this vast corporation for this end of its route has here been transacted for more than twenty years by its general agents and managers under legislative authority; and where it has assumed to perform the duties and claim the benefits which before that time belonged to a corporation created by this state, and which could not confer on the defendant the rights and privileges it has so long daily enjoyed without the assent of the state.

Motion denied.

[NOTE. This case was originally commenced in the Cumberland county superior court, Maine, and was removed by the defendant to the United States circuit court for the Maine district. Plaintiff had a verdict, which was set aside, and on a new trial he again obtained a verdict, upon which judgment was entered for the sum of $10,791.

[Defendant brought error, and the supreme court affirmed the judgment, Mr. Chief Justice Waite delivering the opinion. Grand Trunk Ry. Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493.]